O’NIELL, O. J.
 

 This is a suit to recover the value of 12 bonds of the Venice drainage district, of the value of $500 each, intrusted to the
 
 *425
 
 defendants as brokers, and not accounted for. The defense of'one of the defendants, Albrecht, was that there was no partnership between him and the other defendant, Kahn, and that the plaintiff’s dealings were with Kahn. As an alternative defense, Albrecht adopted the answer of Kahn, which was that Kahn had acquired the bonds from the plaintiff in exchange for 600 shares of stock in a corporation styled Prophytol Manufacturing Company, of the par value of $10 per share, and afterwards acquired the Prophytol stock from her in exchange for $3,-000 worth of stock in a corporation styled Osygan Silk Corporation and 300 shares of stock in a corporation styled Castell Land & Harbor Company, of the par value of $10 per share. There was judgment for the plaintiff, condemning the defendants either to pay plaintiff $0,000, with legal interest from judicial demand, or to return to her the 12 bonds of the Venice drainage district. The defendants have appealed from the decision.
 

 The district judge found — and the record sustains his finding — that the defendants advertised as stock brokers in the firm name of Albrecht & Kahn, and that they jointly, and by fraudulent misrepresentations, got possession of the plaintiff’s bonds without giving her any valuable consideration for them. Taking advantage of their superior knowledge of the value of the stocks and bonds, and on the false representation that they already had a buyer for the 600 shares of Prophytol stock at $8.50 per share, they induced the plaintiff to exchange her drainage bonds for the Prophytol stock, which they knew was then worth less than $1 per share, and was perhaps worthless. Thereafter, they again betrayed her confidence by leaving with her, as security for the Prophytol stock which they tqok to sell for her account, the stock in the two other corporations, which they knew was worthless. In fact, they were not the owners of the stock in the Oastell Land & Harbor Company, and had no right to pledge or hypothecate it. By their fraudulent manipulations. the plaintiff was chiseled of whatever value her bonds had. The defendants were prosecuted in the criminal district court and convicted of embezzlement. Albrecht was granted a new trial. Kahn’s sentence to imprisonment in the penitentiary was affirmed on appeal. See State v. Kahn, 154 La. 683, 98 So. 86.
 

 Appellants contend that there is not sufficient proof that the 12 bonds were worth as much as $6,000. We find the proof sufficient in that respect; besides which, the defendants are protected by the alternative right given them by the judgment, to return the 12 bonds to the plaintiff. She has not complained of the judgment. in that respect, either by appealing or. fiy answering the defendants’ appeal. We have therefore no right to amend the judgment to the appellants’ prejudice.
 

 The judgment is affirmed.